MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
ABEL GONZALEZ GONZALEZ and
OLMAN ELISEO VELASQUEZ FUENTES,
*individually and on behalf of others similarly*
*situated,*

*Plaintiffs*,

-against-

TREADWELL PARK LLC  (D/B/A
TREADWELL PARK), 301 SOUTH LLC
(D/B/A TREADWELL PARK), CAMGT 510
W42 RESTAURANT OPERATING LLC
(D/B/A TREADWELL PARK), 1125 FIRST
LLC  (D/B/A SUGAR EAST), 245 PARK
LLC  (D/B/A OAXACA MEXICAN GRILL),
ABRAHAM MERCHANT, ANDREW
(A.K.A. ANDY) EMMET, and FERNANDO
RODRIGUEZ,

*Defendants.*

-------------------------------------------------------X

**COMPLAINT**


**COLLECTIVE ACTION UNDER**
**29 U.S.C. § 216(b)**

**ECF Case**

Plaintiffs Abel Gonzalez Gonzalez and Olman Eliseo Velasquez Fuentes , individually and

on behalf of others similarly situated (collectively, "Plaintiffs"), by and through their attorneys,

Michael Faillace & Associates, P.C., upon their knowledge and belief, and as against Treadwell

Park LLC (d/b/a Treadwell Park), 301 South LLC (d/b/a Treadwell Park), CAMGT 510 W42

Restaurant Operating LLC (d/b/a Treadwell Park), 1125 First LLC (d/b/a Sugar East), 245 Park

LLC (d/b/a Oaxaca Mexican Grill), ("Defendant Corporations"), Abraham Merchant,  Andrew

(a.k.a. Andy) Emmet, and Fernando Rodriguez, ("Individual Defendants"), (collectively, "Defendants"), allege as follows:

## NATURE OF ACTION

1.      Plaintiffs are former employees of Defendants Treadwell Park LLC (d/b/a Treadwell Park), 301 South LLC (d/b/a Treadwell Park), CAMGT 510 W42 Restaurant Operating LLC (d/b/a Treadwell Park), 1125 First LLC (d/b/a Sugar East), 245 Park LLC (d/b/a Oaxaca Mexican Grill), Abraham Merchant, Andrew (a.k.a. Andy) Emmet, and Fernando Rodriguez.

2.      Defendants own, operate, or control four American bars and a fast food Mexican restaurant, located at 1125 1st Avenue, New York, NY 10065 under the name "Treadwell Park" (hereafter the "1st Avenue location"), at 301 South End Ave, New York, NY 10280 under the name "Treadwell Park" (hereafter the "South End Avenue location"), at 510 W 42nd St, New York, NY 10036 under the name "Treadwell Park" (hereafter the "42nd St location"), at 1125 1st Avenue, New York, NY 10065 under the name "Sugar East" (hereafter the "1125 1st Avenue location"), at 245 Park Ave, New York, NY 10167 under the name "Oaxaca Mexican Grill" (hereafter the "Park Avenue location").

3.      Upon information and belief, individual Defendants Abraham Merchant, Andrew (a.k.a. Andy) Emmet, and Fernando Rodriguez, serve or served as owners, managers, principals, or agents of Defendant Corporations and, through these corporate entities, operate or operated the bar as a joint or unified enterprise.

4.      Plaintiffs were employed as a dishwasher, a food preparer, a line cook, a sous chef, a head chef, a manager, and a porter at the bar located at 1125 1st Avenue, New York, NY 10065, 301 South End Ave, New York, NY 10280, 510 W 42nd St, New York, NY 10036 and 245 Park Ave, New York, NY 10167.

5.      At all times relevant to this Complaint, Plaintiffs worked for Defendants in excess of 40 hours per week, without appropriate minimum wage, overtime, and spread of hours compensation for the hours that they worked.

6.      Rather, Defendants failed to maintain accurate recordkeeping of the hours worked and failed to pay Plaintiffs appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

7.      Further, Defendants failed to pay Plaintiffs the required "spread of hours" pay for any day in which they had to work over 10 hours a day.

8.      Defendants' conduct extended beyond Plaintiffs to all other similarly situated employees.

9.      At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

10.     Plaintiffs now bring this action on behalf of themselves, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq*. and 650 *et seq*. (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

11.     Plaintiffs seek certification of this action as a collective action on behalf of themselves, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

12.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367(a).

13.      Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate four American bars and a fast food Mexican restaurant located in this district. Further, Plaintiffs were employed by Defendants in this district.

## PARTIES

*Plaintiffs*

14.     Plaintiff Abel Gonzalez Gonzalez ("Plaintiff Gonzalez" or "Mr. Gonzalez") is an adult individual residing in Kings County, New York.

15.     Plaintiff Gonzalez was employed by Defendants at Treadwell Park, Oaxaca Mexican Grill and Sugar East from approximately 1996 until on or about October 18, 2019.

16.     Plaintiff Olman Eliseo Velasquez Fuentes ("Plaintiff Velasquez" or "Mr. Velasquez") is an adult individual residing in Queens County, New York.

17.     Plaintiff Velasquez was employed by Defendants at Treadwell Park, Oaxaca Mexican Grill and Sugar East from approximately February 2014 until on or about January 25, 2020.

*Defendants*

18.    At all relevant times, Defendants owned, operated, or controlled four American bars and a fast food Mexican restaurant, located at 1125 1st Avenue, New York, NY 10065 under the name "Treadwell Park", at 301 South End Ave, New York, NY 10280 under the name "Treadwell Park", at 510 W 42nd St, New York, NY 10036 under the name "Treadwell Park", at 1125 1st Avenue, New York, NY 10065 under the name "Sugar East", and at 245 Park Ave, New York, NY 10167 under the name "Oaxaca Mexican Grill".

19.    Upon information and belief, Treadwell Park LLC (d/b/a Treadwell Park) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 1125 1st Avenue, New York, NY 10065.

20.    Upon information and belief, 301 South LLC (d/b/a Treadwell Park) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 301 South End Ave, New York, NY 10280.

21.    Upon information and belief, CAMGT 510 W42 Restaurant Operating LLC (d/b/a Treadwell Park) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 510 W 42nd St, New York, NY 10036.

22.    Upon information and belief, 1125 First LLC (d/b/a Sugar East) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 1125 1st Avenue, New York, NY 10065.

23.    Upon information and belief, 245 Park LLC (d/b/a Oaxaca Mexican Grill) was a domestic corporation organized and existing under the laws of the State of New York. Upon

information and belief, it maintains its principal place of business at 245 Park Ave, New York, NY 10167.

24.     Defendant Abraham Merchant is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Abraham Merchant is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant Abraham Merchant possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

25.     Defendant Andrew (a.k.a. Andy) Emmet is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Andrew (a.k.a. Andy) Emmet is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant Andrew (a.k.a. Andy) Emmet possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

26.     Defendant Fernando Rodriguez is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Fernando Rodriguez is sued individually in his capacity as a manager of Defendant Corporations. Defendant Fernando Rodriguez possesses operational control over Defendant Corporations and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees

of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

27.     Defendants operate four American bars and a fast food Mexican restaurant located in multiple neighborhoods in Manhattan.

28.     Individual Defendants, Abraham Merchant, Andrew (a.k.a. Andy) Emmet, and Fernando Rodriguez, possess operational control over Defendant Corporations, possess ownership interests in Defendant Corporations, or control significant functions of Defendant Corporations.

29.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

30.     Each Defendant possessed substantial control over Plaintiffs' (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiffs, and all similarly situated individuals, referred to herein.

31.     Defendants jointly employed Plaintiffs (and all similarly situated employees) and are Plaintiffs' (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

32.     In the alternative, Defendants constitute a single employer of Plaintiffs and/or similarly situated individuals.

33.     Upon information and belief, Individual Defendants Abraham Merchant and Andrew (a.k.a. Andy) Emmet operate Defendant Corporations as either alter egos of themselves and/or failed to operate Defendant Corporations as entities legally separate and apart from themselves, by among other things:

a) failing to adhere to the corporate formalities necessary to operate Defendant Corporations as Corporations,

b) defectively forming or maintaining the corporate entities of Defendant Corporations, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

c) transferring assets and debts freely as between all Defendants,

d) operating Defendant Corporations for their own benefit as the sole or majority shareholders,

e) operating Defendant Corporations for their own benefit and maintaining control over these corporations as closed Corporations,

f) intermingling assets and debts of their own with Defendant Corporations,

g) diminishing and/or transferring assets of Defendant Corporations to avoid full liability as necessary to protect their own interests, and

h) Other actions evincing a failure to adhere to the corporate form.

34.    At all relevant times, Defendants were Plaintiffs' employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiffs, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiffs' services.

35.    In each year from 2014 to 2020, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

36.    In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the bar on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiffs*

37.    Plaintiffs are former employees of Defendants who were employed as a dishwasher, a food preparer, a line cook, a sous chef, a head chef, a manager, and a porter.

38.    Plaintiffs seek to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Abel Gonzalez Gonzalez*

39.    Plaintiff Gonzalez was employed by Defendants at the 1st Avenue location, at the South End Avenue location, at the 42nd Street location, and at the Park Avenue location from approximately 1996 until on or about October 18, 2019.

40.    Defendants employed Plaintiff Gonzalez as a dishwasher, a food preparer, a line cook, a sous chef, a head chef, and a manager.

41.    Plaintiff Gonzalez regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

42.    Plaintiff Gonzalez's work duties required neither discretion nor independent judgment.

43.    Throughout his employment with Defendants, Plaintiff Gonzalez regularly worked in excess of 40 hours per week.

44.    From approximately March 2014 until on or about October 18, 2019, Plaintiff Gonzalez worked at the 1st Avenue location, at the South End Avenue location, at the 42nd Street location, and at the Park Avenue location from approximately 9:00 a.m. until on or about 6:00 p.m.

to 8:00 p.m., Sundays, from approximately 10:00 a.m. until on or about 11:00 p.m., Mondays, from approximately 10:00 a.m. until on or about 8:00 p.m., Tuesdays and Wednesdays, from approximately 10:00 a.m. to 11:00 a.m. until on or about 4:00 p.m., Thursdays, from approximately 10:00 a.m. until on or about 9:00 p.m. to 10:00 p.m., Fridays, and from approximately 9:00 a.m. until on or about 9:00 p.m. to 10:00 p.m., Saturdays (typically 70 to 75 hours per week).

45.    Throughout his employment, Defendants paid Plaintiff Gonzalez his wages in a combination of check and cash.

46.    From approximately March 2014 until on or about December 2014, Defendants paid Plaintiff Gonzalez a fixed salary of $650 per week.

47.    From approximately January 2015 until on or about December 2018, Defendants paid Plaintiff Gonzalez a fixed salary of $700 per week.

48.    From approximately January 2019 until on or about October 18, 2019, Defendants paid Plaintiff Gonzalez a fixed salary of $1,125 per week.

49.    From approximately 2014 until on or about 2017, Defendants occasionally required Plaintiff Gonzalez to work at the Park Avenue location and paid him $75.00 in cash in addition to his weekly salary.

50.    From approximately 2017 until on or about August 2018, Defendants occasionally required Plaintiff Gonzalez to work at the Park Avenue location and paid him $175.00 in cash in addition to his weekly salary.

51.    For approximately one week, Defendants did not pay Plaintiff Gonzalez any wages for his work.

52.    Plaintiff Gonzalez's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

53.     For example, Defendants required Plaintiff Gonzalez to start working 1 hour to 2 hours prior to his scheduled start time and to continue working 1 hour to 2 hours past his scheduled departure time two days a week, and did not pay him for the additional time he worked.

54.     Plaintiff Gonzalez was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

55.     On a number of occasions, Defendants required Plaintiff Gonzalez to sign a document, the contents of which he was not allowed to review in detail.

56.     Defendants did not provide Plaintiff Gonzalez an accurate statement of wages, as required by NYLL 195(3).

57.     Defendants did not give any notice to Plaintiff Gonzalez, in English and in Spanish (Plaintiff Gonzalez's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

58.     Defendants required Plaintiff Gonzalez to purchase "tools of the trade" with his own funds—including pants and shoes.

*Plaintiff Olman Eliseo Velasquez Fuentes*

59.     Plaintiff Velasquez was employed by Defendants at the 1st Avenue location, at the South End Avenue location, at the 42nd Street location, and at the Park Avenue location from approximately February 2014 until on or about January 25, 2020.

60.     Defendants employed Plaintiff Velasquez as a porter.

61.     Plaintiff Velasquez regularly handled goods in interstate commerce, such as cleaning fluids and other supplies produced outside the State of New York.

62.     Plaintiff Velasquez's work duties required neither discretion nor independent judgment.

63.     From approximately March 2014 until on or about December 2018, Plaintiff Velasquez worked from approximately 6:00 a.m. until on or about 2:00 p.m., 6 days a week (typically 48 hours per week).

64.     From approximately January 2019 until on or about October 2019, Plaintiff Velasquez worked from approximately 6:00 a.m. until on or about 2:00 p.m., 5 days a week (typically 40 hours per week).

65.     From approximately November 2019 until on or about January 25, 2020, Plaintiff Velasquez worked from approximately 6:00 a.m. until on or about 2:00 p.m., 4 days a week (typically 32 hours per week).

66.     From approximately February 2014 until on or about December 2018, Defendants paid Plaintiff Velasquez his wages in cash.

67.     From approximately January 2019 until on or about January 25, 2020, Defendants paid Plaintiff Velasquez his wages by check.

68.     From approximately March 2014 until on or about December 2018, Defendants paid Plaintiff Velasquez a fixed salary of $450 per week.

69.     From approximately January 2019 until on or about January 25, 2020, Defendants paid Plaintiff Velasquez $15.00 per hour.

70.     Although Defendants granted Plaintiff Velasquez a 1-hour break, Defendants interrupted the break every day by requiring Plaintiff Velasquez to perform work duties.

71.    Although Defendants kept a time tracking system to record Plaintiff Velasquez's hours, said time tracking device did not keep an accurate count of the hours he worked; as a result, defendants did not pay Plaintiff Velasquez for all the hours he worked.

72.    On a number of occasions, Defendants required Plaintiff Velasquez to sign a document, the contents of which he was not allowed to review in detail.

73.    No notification, either in the form of posted notices or other means, was ever given to Plaintiff Velasquez regarding overtime and wages under the FLSA and NYLL.

74.    Defendants did not provide Plaintiff Velasquez an accurate statement of wages, as required by NYLL 195(3).

75.    In fact, Defendants adjusted Plaintiff Velasquez's paystubs so that they reflected inaccurate hours worked.

76.    Defendants did not give any notice to Plaintiff Velasquez, in English and in Spanish (Plaintiff Velasquez's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

77.    At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs (and all similarly situated employees) to work in excess of 40 hours a week without paying them appropriate minimum wage, spread of hours pay, and overtime compensation as required by federal and state laws.

78.    Plaintiffs were victims of Defendants' common policy and practices which violate their rights under the FLSA and New York Labor Law by, *inter alia*, not paying them the wages they were owed for the hours they worked.

79.     Defendants' pay practices resulted in Plaintiffs not receiving payment for all their hours worked, and resulted in Plaintiffs' effective rate of pay falling below the required minimum wage rate.

80.     Defendants habitually required Plaintiffs to work additional hours beyond their regular shifts but did not provide them with any additional compensation.

81.     Defendants' time keeping system did not reflect the actual hours that Plaintiff Velasquez worked.

82.     Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

83.     On a number of occasions, Defendants required Plaintiffs to sign a document the contents of which they were not allowed to review in detail.

84.     Defendants paid Plaintiffs their wages either in cash or in  a combination of check and cash.

85.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiffs (and similarly situated individuals) worked, and to avoid paying Plaintiffs properly for their full hours worked.

86.     Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

87.     Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiffs and other similarly situated former workers.

88.    Defendants failed to provide Plaintiffs  and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

89.    Defendants failed to provide Plaintiffs  and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

90.    Plaintiffs bring their FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

91.    At all relevant times, Plaintiffs and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been

- 15 -

subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep records under the FLSA.

92.     The claims of Plaintiffs stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

93.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

94.     At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiffs (and the FLSA Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

95.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

96.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

97.     Defendants failed to pay Plaintiffs (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

98.     Defendants' failure to pay Plaintiffs (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

99.     Plaintiffs (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

100.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

101.    Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiffs (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

102.    Defendants' failure to pay Plaintiffs (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

103.    Plaintiffs (and the FLSA Class members) were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

## VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

104.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

105.    At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendants had the power to hire and fire Plaintiffs, controlled the terms and conditions of their employment, and determined the rates and methods of any compensation in exchange for their employment.

106.    Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiffs less than the minimum wage.

107.    Defendants' failure to pay Plaintiffs the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

108.    Plaintiffs were damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS

## OF THE NEW YORK STATE LABOR LAW

109.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

110.    Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiffs overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

111.    Defendants' failure to pay Plaintiffs overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

112.    Plaintiffs were damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

## VIOLATION OF THE SPREAD OF HOURS WAGE ORDER

## OF THE NEW YORK COMMISSIONER OF LABOR

113.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

114.    Defendants failed to pay Plaintiffs one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiffs' spread of hours exceeded ten hours in violation of NYLL §§ 650 *et seq*. and 12 N.Y.C.R.R. §§ 146-1.6.

115.    Defendants' failure to pay Plaintiffs an additional hour's pay for each day Plaintiffs' spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

116.    Plaintiffs were damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION

## VIOLATION OF THE NOTICE AND RECORDKEEPING

## REQUIREMENTS OF THE NEW YORK LABOR LAW

117.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

118.    Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

119.    Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

## VIOLATION OF THE WAGE STATEMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

120.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

121.    With each payment of wages, Defendants failed to provide Plaintiffs with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

122.    Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## EIGHTH CAUSE OF ACTION

### RECOVERY OF EQUIPMENT COSTS

123.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

124.    Defendants required Plaintiffs to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform their jobs, further reducing their wages in violation of the FLSA and NYLL.  29 U.S.C.  § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

125.    Plaintiffs were damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants by:

(a)    Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)    Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA Class members;

(c)    Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA Class members;

(d)     Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiffs' and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e)     Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiffs and the FLSA Class members;

(f)     Awarding Plaintiffs and the FLSA Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)     Awarding Plaintiffs and the FLSA Class members liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)     Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(i)     Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(j)     Declaring that Defendants violated the spread-of-hours requirements of the NYLL and supporting regulations as to Plaintiffs;

(k)     Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiffs' compensation, hours, wages and any deductions or credits taken against wages;

(l)     Declaring that Defendants' violations of the provisions of the NYLL and spread of hours wage order were willful as to Plaintiffs;

(m)     Awarding Plaintiffs damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable

(n)     Awarding Plaintiffs damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(o)     Awarding Plaintiffs liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, overtime compensation, and spread of hours pay shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(p)     Awarding Plaintiffs and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(q)     Awarding Plaintiffs and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(r)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(s)     All such other and further relief as the Court deems just and proper.

## JURY DEMAND

 Plaintiffs demand a trial by jury on all issues triable by a jury.

Dated: New York, New York

June 15, 2020

MICHAEL FAILLACE & ASSOCIATES, P.C.

By:        /s/ Michael Faillace       
           Michael Faillace [MF-8436]
           60 East 42nd Street, Suite 4510
           New York, New York 10165
           Telephone: (212) 317-1200
           Facsimile: (212) 317-1620
           *Attorneys for Plaintiffs*

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510                                     ⬧ Telephone: (212) 317-1200
New York, New York 10165                                          Facsimile: (212) 317-1620
————————

Faillace@employmentcompliance.com

January 21, 2020

BY HAND

TO:     Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                      Abel Gonzalez Gonzalez

Legal Representative / Abogado:     Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                       21 de January 2020

*Certified as a minority-owned business in the State of New York*

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

February 24, 2020

BY HAND

TO:     Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:              Olman Eliseo  Velasquez  Fuentes

Legal Representative / Abogado:     Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:              24 de febrero 2020

*Certified as a minority-owned business in the State of New York*