# EXHIBIT "D"

**MILMAN LABUDA LAW GROUP PLLC**
3000 MARCUS AVENUE
SUITE 3W8
LAKE SUCCESS, NEW YORK 11042

TELEPHONE (516) 328-8899
FACSIMILE (516) 328-0082

Author: Jamie S. Felsen - Member
Direct E-Mail Address: jamiefelsen@mllaborlaw.com
Direct Dial: (516) 303-1391

<u>Via E-Mail</u>

December 8, 2021

Khalil Huey, Esq.
CSM Legal PC
60 East 42nd Street, Suite 4510
New York, NY 10165

RE:   *Fuentes v. Treadwell Park LLC. et al.*
<u>Civil Case No.: 20-cv-04568 (VEC)</u>

Dear Mr. Huey:

This letter serves as notice that if Plaintiff, Olman Velasquez Fuentes fails to withdraw his claims with prejudice within twenty-one (21) days, Defendants shall file a motion for sanctions against Plaintiff, you, and your law firm pursuant to (a) Fed. R. Civ. Proc. 11 (b)(1), (2), and (3) and 11 (c); and (b) 28 U.S.C. § 1927 and/or the Court's inherent power. **(See notice of motion annexed hereto as Exhibit "A").** The reason for such a motion, if Plaintiff fails to withdraw his claims, are outlined below.

On June 15, 2020, on behalf of Olman Velasquez Fuentes ("Fuentes") and Abel Gonzalez ("Gonzalez"), your former boss, Michael Faillace, who has since then been suspended from practicing law in the SDNY for filing frivolous lawsuits, commenced the instant frivolous lawsuit.

Despite no reasonable inquiry into the facts initially being performed prior to commencing this action, Gonzalez subsequently, after communications with my office, realized his claims have no basis in law and fact as he was exempt from overtime, and he withdrew his claims.

Fuentes, however, has proceeded with his claims. Fuentes alleges that he was paid a salary and therefore not paid all of his wages notwithstanding that he received pay checks each week identifying his regular hourly rate and his overtime hourly rate. Moreover, Defendants provided him with copies of his wage records during this litigation on April 23, 2021 establishing he was paid a regular hourly rate and an overtime hourly rate and he was paid spread of hours. He also alleges he was not provided with wage notices notwithstanding that he was. Moreover, copies of his wage notices were provided to him by Defendants during this litigation on April 23, 2021.

Khalil Huey, Esq.
CSM Legal PC
December 8, 2021
P a g e | 2

    Notwithstanding that Fuentes has been in possession of his wage records that were provided to him by Defendants on April 23, 2021 which belie his allegations, he has not withdrawn his claims. By continuing to proceed with Fuentes' claims after Defendants provided Fuentes with his wage records and wage notices, you and Fuentes have violated Rule 11. Indeed, even assuming *arguendo* that a reasonable inquiry was conducted prior to commencing this action (which did not occur), "Rule 11 prohibits 'later advocating' a position that subsequent discovery or research reveals to be factually or legally baseless." Rankin v. City of Niagara Falls, 2012 U.S. Dist. LEXIS 96170 (W.D.N.Y. June 13, 2012) quoting 2 Moore's Federal Practice, §11.11[2][a]. "Although a litigant proceeding in good faith has a right to use civil discovery in attempts to prove the existence of a colorable claim for relief . . . ., [w]hen it becomes apparent that discoverable evidence will not bear out the claim, the litigant and his attorney have a duty to discontinue their quest." Id. quoting Avirgan v. Hull, 932 F.2d 1572, 1582 (11th Cir.1991).

    Accordingly, by failing to withdraw the Complaint with prejudice, you, your firm, and Fuentes have violated Rule 11(b) of the Federal Rules of Civil Procedure because (1) it was filed to harass, cause unnecessary delay, or needlessly increase the cost of litigation; and (2) the claims are not warranted by existing law and the factual contentions do not have evidentiary support. Accordingly, if Fuentes fails to withdraw his claims with prejudice within twenty-one (21) days, Defendants will file a motion for sanctions against Fuentes, you, and your firm.

    Very truly yours,

    MILMAN LABUDA LAW GROUP PLLC

    Jamie S. Felsen

# EXHIBIT "A"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
ABEL GONZALEZ GONZALEZ and
OLMAN ELISEO VELASQUEZ FUENTES,
individually and on behalf of all others similarly
situated,

                                  Plaintiffs,

-against-

TREADWELL PARK LLC (D/B/A
TREADWELL PARK), 301 SOUTH LLC
(D/B/A TREADWELL PARK), CAMGT 510
W42 RESTAURANT OPERATING LLC
(D/B/A TREADWELL PARK), 1125 FIRST
LLC (D/B/A SUGAR EAST), 245 PARK
LLC (D/B/A OAXACA MEXICAN GRILL),
ABRAHAM MERCHANT, ANDREW
(A.K.A. EMMET, and FERNANDO
RODRIGUEZ,

                                  Defendants.
-----------------------------------------------------------------X

Case No.: 20-cv-04568 (VEC)

**NOTICE OF MOTION**

**PLEASE TAKE NOTICE**, that upon the accompanying declaration of Jamie S. Felsen, Defendants' Memorandum of Law in Support of Their Motion for Sanctions, and all the prior papers and proceedings herein, Defendants will move this Court, before the Honorable Valerie E. Caproni, at the United States Courthouse, 40 Foley Square, New York, New York 10077, on the date and at a time to be established by the Court, for (a) an order directing Plaintiffs and Plaintiffs' counsel to pay monetary sanctions and attorneys' fees pursuant to (i) Rules 11(b) & 11(c); (ii) 28 U.S.C. § 1927; and/or (iii) and the Court's inherent power, and (b) for such other and further relief as the Court deems just and proper.

Dated: Lake Success, New York
        December 8, 2021

                                                  Respectfully submitted,

                                                  MILMAN LABUDA LAW GROUP, PLLC

2

/s/ Jamie S. Felsen, Esq.
Attorneys for Defendants
3000 Marcus Avenue, Suite 3W8
Lake Success, NY 11042
(516) 328-8899