USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 2/16/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ X
ABEL GONZALEZ GONZALEZ and :
OLMAN ELISEO VELASQUEZ FUENTES, :     20-CV-4568 (VEC)
 :
                                 Plaintiffs, :     ORDER
       -against- :
 :
TREADWELL PARK LLC, 301 SOUTH :
LLC, CAMGT 510 W42 RESTAURANT :
OPERATING LLC, 1125 FIRST LLC, 245 :
PARK LLC, ABRAHAM MERCHANT, :
ANDREW EMMET, and FERNANDO :
RODRIGUEZ, :
 :
                                 Defendants. :
------------------------------------------------------------ X

VALERIE CAPRONI, United States District Judge:

       WHEREAS on February 15, 2022, the parties submitted a stipulation of voluntary dismissal with prejudice as to Plaintiff Abel Gonzalez Gonzalez, *see* Dkt. 57;

       WHEREAS this case involves claims brought under the Fair Labor Standards Act ("FLSA");

       WHEREAS the parties may not dismiss this action with prejudice unless the settlement agreement has been approved by either the Court or the Department of Labor ("DOL"), *see Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015); and

       WHEREAS the Second Circuit has left open for future decision whether an FLSA case may be settled without Court or DOL approval and dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A). *See id.* at 201 n.2 ("[W]e leave for another day the question of whether parties may settle [FLSA] cases without court approval . . . by entering into a Rule 41(a)(1)(A) stipulation without prejudice.");

IT IS HEREBY ORDERED THAT to the extent the parties wish to dismiss this action with prejudice, they must, no later than **February 25, 2022**, file a joint letter explaining why the case is being dismissed with prejudice as to Plaintiff Gonzalez if there is no settlement.

IT IS FURTHER ORDERED THAT if the parties decide to withdraw the previously filed stipulation of dismissal and file a stipulated dismissal without prejudice, the letter must include a certification from Plaintiff's counsel: (1) that the Plaintiff has been clearly advised that the dismissal of this case does not preclude him from filing another lawsuit against the same Defendants for the wage and hour claims made in this case; and (2) that the Plaintiff has not provided a release of any sort to the Defendants.

Alternatively, if there is a settlement agreement, the parties must file a joint letter motion requesting that the Court approve the settlement agreement or provide documentation of approval by DOL.  Any letter motion, along with the settlement agreement, must be filed on the public docket by **February 25, 2022.**  The letter motion must explain why the proposed settlement is fair and reasonable and should discuss, at a minimum, the following factors:

> (1) the plaintiff's range of possible recovery; (2) the extent to which "the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses"; (3) the seriousness of the litigation risks faced by the parties; (4) whether "the settlement agreement is the product of arm's-length bargaining between experienced counsel"; and (5) the possibility of fraud or collusion.

*Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (quoting *Medley v. Am. Cancer Soc.*, No. 10-CV-3214, 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)).  The letter must also address whether there is a *bona fide* dispute as to the number of hours worked or the amount of compensation due and how much of the proposed settlement plaintiff's attorney shall be seeking as fees.  *See Cheeks*, 796 F.3d at 206.  Absent special circumstances, the Court will not approve any settlement agreement that is filed under seal or in redacted form.  *See id*.

The parties are advised that the Court is unlikely to approve any agreement that contains a general release or a release of any claims that were not raised in the complaint and are unrelated to wage-and-hour claims under the FLSA or related state laws. *See Flores-Mendieta v. Bitefood Ltd.*, No. 15-CV-4997, 2016 WL 1626630, at *2 (S.D.N.Y. Apr. 21, 2016) ("A FLSA settlement cannot offer the defendant a sweeping release from liability that would 'waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues.'") (quoting *Cheeks*, 796 F.3d at 206). Such releases are generally disfavored, even if mutually applicable to all parties. *See Gurung v. White Way Threading LLC*, 226 F. Supp. 3d 226, 229 (S.D.N.Y. 2016) ("The fact that the general release is styled as mutual . . . does not salvage it, absent a sound explanation for how this broad release benefits the plaintiff employee."). If, notwithstanding that admonition, the parties believe that this case is sufficiently unusual that the Court should consider approving a release that goes beyond wage-and-hour and related labor law claims, the joint motion *must* explain why such a settlement term is appropriate in this case. Failure to do so will likely result in the motion being summarily denied but may also result in sanctions against the attorneys for failure to comply with this Court's order.

**SO ORDERED.**

Date: February 16, 2022
New York, NY

_____
VALERIE CAPRONI
United States District Judge