## SETTLEMENT AGREEMENT

OLMAN ELISEO VELASQUEZ FUENTES, on the one hand, and TREADWELL PARK LLC, 301 SOUTH LLC, CAMGT 510 W42 RESTAURANT OPERATING LLC, 1125 FIRST LLC, 245 PARK LLC, ABRAHAM MERCHANT, ANDREW EMMET, and FERNANDO RODRIGUEZ on the other hand, agree that:

1. **Definition of Parties.**

    (a)  "Releasors" is defined as OLMAN ELISEO VELASQUEZ FUENTES and includes each of his present or former spouse(s), creditors, dependents, executors, administrators, heirs, dependents, successors and assigns. If an obligation or right is that of OLMAN EILSEO VELASQUEZ FUENTES alone, he will be referred to as "Plaintiff";

    (b)  "Released Parties" is defined to include ABRAHAM MERCHANT, ANDREW EMMET, and FERNANDO RODRIGUEZ, TREADWELL PARK LLC, 301 SOUTH LLC, CAMGT 510 W42 RESTAURANT OPERATING LLC, 1125 FIRST LLC, 245 PARK LLC and their present or former parent corporations, subsidiaries, divisions, affiliated entities, predecessors, consultants, insurers, reinsurers, successors and assigns, and their current and former employees, attorneys, officers, board members, managers, members, directors and agents thereof, both individually and in their business capacities, and their employee benefit plans and programs and their administrators and fiduciaries and any otherwise related persons or entities.

2. **The Parties' Commitments.** In exchange for the promises set forth in paragraph "4" below, Plaintiff agrees to draft and jointly, with Released Parties, submit a motion for approval by the Court of this Agreement and execute all documents that may be needed to settle, waive, dismiss and withdraw, with prejudice, all claims that Releasors may have against Released Parties and Released Parties may have against Releasors through the date of execution of this Agreement, including but not limited to the claims Plaintiff has asserted and the motion for sanctions filed by Defendants in the matter of OLMAN ELISEO VELASQUEZ FUENTES v. TREADWELL PARK LLC,, ET AL., case no. 20-cv-04568 (VEC) pending in the United States District Court Southern District of New York.

3. **Mutual Release of All Claims.**

    (a)  Releasors knowingly and voluntarily release and forever discharge Released Parties of and from any and all claims of any kind or nature, whether known or unknown, asserted or unasserted, arising up to and as of the date of the execution of this Agreement, which Releasors have or may have against Released Parties, and also covenant not to file any claim or suit and generally and fully waive all claims, including, but not limited to, the claims contained in the Complaint, and any alleged violation of:

    - The Age Discrimination in Employment Act of 1967;
    - Sections 1981 through 1988 of Title 42 of the United States Code;

1

- Title VII of the Civil Rights Act of 1964;
- The Employee Retirement Income Security Act of 1974;
- The Sarbanes-Oxley Act of 2002;
- The Immigration Reform and Control Act;
- The Americans with Disabilities Act of 1990;
- The National Labor Relations Act;
- The Equal Pay Act;
- The Workers Adjustment and Retraining Notification Act;
- The Occupational Safety and Health Act;
- The Fair Credit Reporting Act;
- The Family and Medical Leave Act of 1993;
- The False Claims Act;
- The New York Correction Law, including Sections 750-755 thereof;
- The New York State Executive Law (including its Human Rights Law);
- The New York City Human Rights Law;
- The New York State Labor Law;
- The New York False Claims Act;
- The New York wage, wage-payment, wage theft and wage-hour laws;
- Any local or county law, rule or requirement of any kind;
- Any other federal, state or local human rights, discrimination, retaliation, civil rights, benefits, pension, whistleblower, labor, *qui tam* or any other federal, state or local constitution, law, rule, regulation, or ordinance of any kind;
- Any benefit, payroll or other plan, policy or program;
- Any public policy, contract (whether oral or written, express or implied), tort (whether intentional, negligent or otherwise), or common law;

- Any amendments to the foregoing laws; and,

- Any claim for costs, fees, or other expenses, including, but not limited to, a claim for attorneys' fees or costs.

TREADWELL PARK LLC, 301 SOUTH LLC, CAMGT 510 W42 RESTAURANT OPERATING LLC, 1125 FIRST LLC, 245 PARK LLC, ABRAHAM MERCHANT, ANDREW EMMET, and FERNANDO RODRIGUEZ knowingly and voluntarily release and forever discharge Plaintiff of and from any and all claims of any kind or nature, whether known or unknown, asserted or unasserted, arising up to and as of the date of the execution of this Agreement, which TREADWELL PARK LLC, 301 SOUTH LLC, CAMGT 510 W42 RESTAURANT OPERATING LLC, 1125 FIRST LLC, 245 PARK LLC, ABRAHAM MERCHANT, ANDREW EMMET, and FERNANDO RODRIGUEZ have or may have against Plaintiff, including but not limited to the relief they seek in a pending motion for sanctions against OLMAN ELISEO VELASQUEZ FUENTES and his counsel, and also covenant not to file any claim or suit and generally and fully waive all claims.

Plaintiff on the one hand, and TREADWELL PARK LLC, 301 SOUTH LLC, CAMGT 510 W42 RESTAURANT OPERATING LLC, 1125 FIRST LLC, 245 PARK LLC, ABRAHAM MERCHANT, ANDREW EMMET, and FERNANDO RODRIGUEZ on the other hand, shall not hereafter directly or indirectly commence, continue, assist or participate in any lawsuit, charge, claim or proceeding, in any forum (including but not limited to any court or agency), against the other party arising out of or relating to any allegation or claim released by this agreement, unless directed by court order or subpoena.

(b) Claims Not Released. Plaintiff, TREADWELL PARK LLC, 301 SOUTH LLC, CAMGT 510 W42 RESTAURANT OPERATING LLC, 1125 FIRST LLC, 245 PARK LLC, ABRAHAM MERCHANT, ANDREW EMMET, and FERNANDO RODRIGUEZ are not waiving any rights they may have to: (a) pursue claims which by law cannot be waived by signing this Agreement; and/or (b) enforce this Agreement. However, all monies paid hereunder shall be set off against any claim not barred by this Agreement.

(c) Governmental Agencies. Nothing in this Agreement prohibits or prevents Plaintiff, TREADWELL PARK LLC, 301 SOUTH LLC, CAMGT 510 W42 RESTAURANT OPERATING LLC, 1125 FIRST LLC, 245 PARK LLC, ABRAHAM MERCHANT, ANDREW EMMET, and FERNANDO RODRIGUEZ from filing a charge with or participating, testifying, or assisting in any investigation, hearing, whistleblower proceeding or other proceeding before any federal, state, or local government agency. However, to the maximum extent permitted by law, Plaintiff, TREADWELL PARK LLC, 301 SOUTH LLC, CAMGT 510 W42 RESTAURANT OPERATING LLC, 1125 FIRST LLC, 245 PARK LLC, ABRAHAM MERCHANT, ANDREW EMMET, and FERNANDO RODRIGUEZ agree that if such an administrative claim is made, he/it shall not be entitled to recover any individual monetary relief or other individual remedies (and all monies paid hereunder shall be a set-off against any relief or recovery).

(d) Plaintiff, TREADWELL PARK LLC, 301 SOUTH LLC, CAMGT 510 W42 RESTAURANT OPERATING LLC, 1125 FIRST LLC, 245 PARK LLC, ABRAHAM MERCHANT, ANDREW EMMET, and FERNANDO RODRIGUEZ acknowledge that they may

discover facts or law different from, or in addition to, the facts or law they know or believe to exist with respect to their released claims. They agree, nonetheless, that this Agreement and the release contained in it shall be and remain effective in all respects notwithstanding such different or additional facts or law.

4. **Consideration.**

(a) In exchange for the promises made herein by Plaintiff and subject to the United States District Court Southern District of New York's (the "Court") approval of this Agreement, TREADWELL PARK LLC, 301 SOUTH LLC, CAMGT 510 W42 RESTAURANT OPERATING LLC, 1125 FIRST LLC, 245 PARK LLC, ABRAHAM MERCHANT, ANDREW EMMET, and FERNANDO RODRIGUEZ agree to pay to Plaintiff the total gross total sum of Five Thousand Dollars ($5,000.00) (the "Payment") after the Court approves this Agreement as follows: one (1) check payable to CSM Legal PC, as Attorneys for Plaintiff. Upon execution of this Agreement by Defendants, Defendants acknowledge that Payment has been made to and is being held in escrow by Milman Labuda Law Group PLLC and shall be released by Milman Labuda Law Group PLLC to Plaintiff and his counsel upon approval by the Court of this settlement agreement.

(b) The Payment is in consideration of a complete settlement, release and waiver of all claims, known or unknown, asserted or unasserted, that Releasor may have against Released Parties.

(c) The Payment shall be delivered to the office of CSM Legal, P.C., to the attention of Catalina Sojo, Esq., at One Grand Central Place, 60 East 42nd Street, Suite 4510, New York, NY 10165.

(d) Subject to the Notice of Default provisions of Paragraph 6 below, failure of Released Parties to timely pay all or part of the settlement amount in the matter prescribed in subparagraphs 1(a) and 1(b) shall render all Released Parties in default with respect to this Agreement. Similarly, failure of any check(s) tendered in satisfaction of any part of the settlement amount to clear the account of the issuer of such check(s) upon Plaintiff's, or their counsel's, attempt to cash such check(s) shall render all Released Parties in default with respect to this Agreement.

(e) In the event that any federal, state or local taxing authority or court determines that taxes, interest and/or penalties are due and owing as a result of the Payment, such taxes, interest, penalties or other liabilities shall be the sole obligation and liability of Plaintiff, who agrees to hold harmless and indemnify Released Parties from any tax-related liability.

5. **Settlement Approval.**

Plaintiff shall draft and, upon approval of same by TREADWELL PARK LLC, 301 SOUTH LLC, CAMGT 510 W42 RESTAURANT OPERATING LLC, 1125 FIRST LLC, 245 PARK LLC, ABRAHAM MERCHANT, ANDREW EMMET, and FERNANDO RODRIGUEZ, shall file a motion for court approval which shall be submitted to the Court. This Agreement is contingent upon the Court's approval of this Agreement and dismissal of the Complaint, with prejudice.

6. **No Other Entitlement.**

(a) Plaintiff further affirms that as a result of this Agreement, he: (i) has been paid and has received all compensation, wages, bonuses, commissions, benefits and/or other monies to which he is entitled from Released Parties and that no leave (paid or unpaid), compensation, wages, or benefits is due to him from Released Parties; (ii) has been paid in full for all hours worked; and (iii) is not entitled to any monies, relief or recovery whatsoever, except as set forth in paragraph "4" of this Agreement.

(b) Plaintiff further affirms that he has no known workplace injury or occupational disease for which a claim for workers' compensation benefits could be made or an award of benefits could be issued against Released Parties as of the date of execution of this Agreement.

7. **Non-Admission of Wrongdoing.** Released Parties deny each and every allegation of wrongdoing, including, but not limited to, the allegations and statements contained in the pleadings, proceeding, document or statement whatsoever by or on behalf of Plaintiff against Released Parties. Neither the making of this Agreement nor anything contained herein shall be construed or considered in any way to be an admission by Released Parties of guilt or noncompliance with laws asserted in the pleadings.

8. **Default.** In the event of Default, as defined in Paragraph 4(d) above, Plaintiff shall provide to Released Parties' counsel Notice of Default, in writing, sent by electronic mail. Released Parties shall have ten (10) business days from the date of the Notice of Default to cure the default. Plaintiff shall be entitled to pursue judicial enforcement of the terms of this Agreement, provided that no such court intervention shall be sought until ten (10) business days elapse following the giving of Notice of Default, in accordance with and as defined in Paragraph 9 below, to the defaulting party or parties.

In the event of Default, the aggrieved party or parties shall be entitled to recover from the defaulting party or parties all reasonable costs and attorneys' fees incurred in redressing or remedying such Default.

9. **Notices.** Notices required under this Agreement, included but not limited to the Notice required by Paragraph 8, shall be in writing and shall be deemed given on the first business day following electronic transmission thereof. Notice hereunder shall be delivered:

**To Releasor:**

Catalina Sojo, Esq.

CSM Legal, P.C.

60 East 42nd Street, Suite 4510

New York, NY 10165

Email: catalina@csm-legal.com

**To Released Parties:**

Jamie S. Felden, Esq.

Milman Labuda Law Group PLLC

3000 Marcus Ave., Suite 3W8

Lake Success, NY 11042

Email: jamiefelsen@mllaborlaw.com

10. **Governing Law.** This Agreement shall be governed by, and interpreted in accordance with, the laws of the State of New York, excluding the conflict-of-laws principles thereof. The parties consent to the personal jurisdiction of the United States District Court for the Southern District of New York and the Supreme Court of the State of New York, and stipulate to jointly request that the United States District Court for the Southern District of New York and/or the Supreme Court of the State of New York exercise jurisdiction, in any subsequent proceeding to enforce this Agreement. Absent an explicit disavowal of retention of jurisdiction on the part of the United States District Court, such Court's approval of this Agreement shall be construed as an explicit retention of jurisdiction for purposes of enforcing the provisions of this Agreement.

11. **No Waiver.** Failure to insist on compliance with any term, covenant or condition contained in this Agreement shall not be deemed a waiver of that term, covenant or condition, nor shall any waiver or relinquishment of any right or power contained in this Agreement at any one time or more times be deemed a waiver or relinquishment of any right or power at any other time or times.

12. **Section Headings.** Section headings are used herein for reference only and do not affect the meaning of any provision of this Agreement.

13. **Entire Agreement.**

   (a) This Agreement represents the complete understanding among the Parties with respect to all claims that Plaintiff on the one hand, and TREADWELL PARK LLC, 301 SOUTH LLC, CAMGT 510 W42 RESTAURANT OPERATING LLC, 1125 FIRST LLC, 245 PARK LLC, ABRAHAM MERCHANT, ANDREW EMMET, and FERNANDO RODRIGUEZ, on the other hand, have or may assert against each other and shall be interpreted under New York law, without regard to its conflict or choice of law provisions.

   (b) This Agreement is the product of mutual negotiations among the parties with the assistance of counsel and shall not be construed against any party as the primary author of the Agreement.

   (c) Plaintiff and TREADWELL PARK LLC, 301 SOUTH LLC, CAMGT 510 W42 RESTAURANT OPERATING LLC, 1125 FIRST LLC, 245 PARK LLC, ABRAHAM MERCHANT, ANDREW EMMET, and FERNANDO RODRIGUEZ acknowledge they have not relied on any representation, promise, or agreement of any kind made to them in connection with their decision to accept this Agreement, except for those set forth in this Agreement.

14. **Competence to Waive Claims.** Plaintiff is competent to affect a knowing and voluntary release of all claims and to enter into this Agreement and is not affected or impaired by illness, use of alcohol, drugs, medication or other substances or otherwise impaired to the extent that he lacks a clear and complete understanding of this Agreement. Plaintiff is not a party to any bankruptcy, lien, creditor-debtor or other proceeding which would impair the right to settle his claims, to waive all claims and to indemnify Released Parties from any claims by or relating to Releasors.

15. **Execution.**

   (a) The meaning, effect and terms of this Agreement have been fully explained to Plaintiff by his counsel, CSM Legal PC. Plaintiff fully understands that this Agreement releases, settles, bars and waives any and all claims that he could possibly have against Released Parties. Plaintiff selected his counsel voluntarily.

   (b) Plaintiff confirms he has not been induced by any representation or promise that does not expressly and unequivocally appear in this Agreement or by any act or omission of Released Parties to execute this Agreement.

(e)   This Agreement may be executed in counterparts and each counterpart shall, for all purposes, be deemed to be an original and in full force and effect and all such counterparts shall together constitute one and the same document. A signed .pdf copy shall, for all purposes, be deemed an original and in full force and effect. However, the Agreement will not be binding until after this agreement is executed by Plaintiff, TREADWELL PARK LLC, 301 SOUTH LLC, CAMGT 510 W42 RESTAURANT OPERATING LLC, 1125 FIRST LLC, 245 PARK LLC, ABRAHAM MERCHANT, ANDREW EMMET, and FERNANDO RODRIGUEZ and the Agreement is approved by the Court.

HAVING ELECTED TO EXECUTE THIS AGREEMENT, TO FULFILL THE PROMISES AND TO RECEIVE THE SUMS AND BENEFITS IN PARAGRAPH 4 ABOVE, OLMAN EILSEO VELASQUEZ FUENTES FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS HE HAS OR MIGHT HAVE AGAINST RELEASED PARTIES.

IN WITNESS WHEREOF, the parties hereto knowingly and voluntarily executed this Agreement as of the date set forth below:

Dated: 03 04, 2022

OLMAN EILSEO VELASQUEZ FUENTES

TREADWELL PARK LLC

Dated 3/7, 2022

By: _____

301 SOUTH LLC

Dated 3/7, 2022

By: _____

CAMGT 510 W42 RESTAURANT OPERATING LLC

Dated 3/7, 2022

By: _____

1125 FIRST LLC

Dated 7/7, 2022

By: _____

245 PARK LLC

8

Dated 3/7, 2022         By: _____

Dated: March 7, 2022    By: _____
                             Abraham Merchant, Individually

Dated: 3/7, 2022        By: _____
                             Andrew Emmet, Individually

Dated: March 7th, 2022  By: _____
                             Fernando Rodriguez, Individually

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

ABEL GONZALEZ GONZALEZ and
OLMAN ELISEO VELASQUEZ FUENTES,
individually and on behalf of all others similarly
situated,

                                      Plaintiffs,

-against-

TREADWELL PARK LLC (D/B/A
TREADWELL PARK), 301 SOUTH LLC
(D/B/A TREADWELL PARK), CAMGT 510
W42 RESTAURANT OPERATING LLC
(D/B/A TREADWELL PARK), 1125 FIRST
LLC (D/B/A SUGAR EAST), 245 PARK
LLC (D/B/A OAXACA MEXICAN GRILL),
ABRAHAM MERCHANT, ANDREW
(A.K.A. EMMET, and FERNANDO
RODRIGUEZ,

                                      Defendants.
-------------------------------------------------------------X

Case No.: 20-cv-04568 (VEC)

**STIPULATED ORDER OF DISMISSAL**

       IT IS HEREBY STIPULATED that this action has been discontinued and is hereby dismissed with prejudice, without costs to any party against any other. This Stipulation may be filed with the Court without further notice to any party.

Dated: February ___, 2022

Catalina Sojo, Esq.
CSM Legal, P.C.
Attorneys for Plaintiff
60 East 42nd Street, Suite 4510
New York, NY 10165

Jamie S. Felsen, Esq.
Milman Labuda Law Group PLLC
Attorneys for Defendants
3000 Marcus Avenue, Suite 3W8
Lake Success, NY 11042

SO ORDERED:

_____
Valerie E. Caproni, U.S.D.J.