UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

OLMAN ELISEO VELASQUEZ FUENTES,

                          Plaintiff,

   -v-

TREADWELL PARK LLC, 301 SOUTH LLC, CAMGT 510 W42 RESTAURANT OPERATING LLC, 1125 FIRST LLC, 245 PARK LLC, ABRAHAM MERCHANT, ANDREW EMMET, and FERNANDO RODRIGUEZ,

                          Defendants.

CIVIL ACTION NO.: 20 Civ. 4568 (VEC) (SLC)

**ORDER**

**SARAH L. CAVE,** United States Magistrate Judge.

      The parties in this wage-and-hour case under the Fair Labor Standards Act ("FLSA") have consented to my jurisdiction under 28 U.S.C. 636(c) and Fed. R. Civ. P. 73 for purposes of reviewing their proposed settlement (ECF No. 71), and have submitted a joint letter motion in support of settlement (ECF Nos. 70, 73 (the "Motion")) and their Settlement Agreement (ECF No. 73) for approval under Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015).

      The Settlement Agreement provides that Plaintiff Olman Eliseo Velasquez Fuentes is to receive a settlement payment of "the gross total sum of Five Thousand Dollars ($5,000)". (ECF No. 70-1 at 4 ¶ 4(a)). In the Motion in support of the settlement, the parties state that "[u]nder the settlement . . . Plaintiff's counsel will receive $2,423.33 from the settlement fund as attorneys' fees and costs." (ECF No. 70 at 2). The parties also state that "[t]his represents one third of the recovery in this litigation." (Id.) The Settlement Agreement, however, does not contain any provision regarding payment of attorneys' fees and costs to Plaintiffs' counsel. (See ECF No. 70-1). Further, to the extent the parties intended for Plaintiff's counsel to receive

$2,423.33 from the $5,000 settlement payment to Plaintiff, that sum would represent nearly half, not one third, of Plaintiff's recovery, contrary to the parties' assertion in the Motion. See Martinez v. Gulluoglu LLC, No. 15 Civ. 2727 (PAE), 2016 WL 206474, at *2 (S.D.N.Y. Jan. 15, 2016) ("Barring unusual circumstances not present here, courts in this District have declined to award fees constituting more than one-third of the total settlement amount in an FLSA action.") (collecting cases).

Accordingly, the parties' Motion for approval of the Settlement Agreement is DENIED WITHOUT PREJUDICE to renewal. The parties are instructed to remedy the defects in the Settlement Agreement noted in this Order and submit a revised Settlement Agreement for approval by **May 20, 2022**.

The Clerk of the Court is respectfully directed to close ECF Nos. 70 and 73.

Dated:   New York, New York
         April 29, 2022

                                        SO ORDERED.

                                        _____
                                        **SARAH L. CAVE**
                                        **United States Magistrate Judge**