UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

OLMAN ELISEO VELASQUEZ FUENTES,[1]

                     Plaintiff,

-v-

TREADWELL PARK LLC, 301 SOUTH LLC, CAMGT 510 W42 RESTAURANT OPERATING LLC, 1125 FIRST LLC, 245 PARK LLC, ABRAHAM MERCHANT, ANDREW EMMET, and FERNANDO RODRIGUEZ,

                     Defendants.

CIVIL ACTION NO.: 20 Civ. 4568 (VEC) (SLC)

**SETTLEMENT APPROVAL ORDER**

**SARAH L. CAVE,** United States Magistrate Judge.

The parties in this wage-and-hour case under the Fair Labor Standards Act ("FLSA") have consented to my jurisdiction under 28 U.S.C. 636(c) and Fed. R. Civ. P. 73 for purposes of reviewing their proposed settlement agreement (ECF No. 71). On March 22, 2022, the parties submitted a joint letter-motion in support of settlement (ECF Nos. 70) and, on April 6, 2022, their proposed Settlement Agreement (ECF Nos. 73) for approval under Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015). On April 29, 2022, having identified defects in the proposed Settlement Agreement, the Court denied the parties' request without prejudice to renewal, and directed the parties to submit a corrected settlement agreement for approval. (ECF No. 74 (the "Defects Order")). On May 24, 2022, the parties filed a corrected Settlement Agreement. (ECF No. 76-1 (the "Corrected Settlement Agreement")). The Corrected Settlement Agreement remedies the errors, which appear to have been inadvertent, identified in the Defects

---

[1] On February 24, 2022, former Plaintiff Abel Gonzalez Gonzalez voluntarily withdrew all claims against Defendants. (ECF No. 63). Accordingly, the Clerk of Court is respectfully directed to amend the caption to reflect that Olman Eliseo Velasquez Fuentes is the only remaining Plaintiff.

Order, namely, that it now (i) contains a provision regarding the payment of attorneys' fees and costs to counsel, and (ii) clarifies that counsel will receive $1,666.66, which represents one-third of the $5,000.00 total settlement amount.  See Martinez v. Gulluoglu LLC, No. 15 Civ. 2727 (PAE), 2016 WL 206474, at *2 (S.D.N.Y. Jan. 15, 2016) ("Barring unusual circumstances not present here, courts in this District have declined to award fees constituting more than one-third of the total settlement amount in an FLSA action.") (collecting cases).

Courts generally recognize a "strong presumption in favor of finding a settlement fair" in FLSA cases like this one, as courts are "not in as good a position as the parties to determine the reasonableness of an FLSA settlement."  Souza v. 65 St. Marks Bistro, No. 15 Civ. 327 (JLC), 2015 WL 7271747, at *4 (S.D.N.Y. Nov. 6, 2015) (citation omitted).

Having carefully reviewed the joint letter in support of settlement, accompanying exhibits, and the Corrected Settlement Agreement, the Court finds that all of the terms of the proposed settlement, including the allocation of attorneys' fees and costs, appear to be fair and reasonable under the totality of the circumstances and in light of the factors enumerated in Wolinsky v. Scholastic Inc., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012).  Accordingly, the Court approves the Revised Settlement Agreement.

The Clerk of Court is respectfully requested to mark ECF No. 76 as "granted".

Dated:     New York, New York            SO ORDERED.
           August 2, 2022

                                         _____
                                         SARAH L. CAVE
                                         **United States Magistrate Judge**

2